1
2
3
4
5
6
7
8                 **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11   PATRICIA ANN WILSON,              )      NO. CV 13-4981-E
                                       )
12                 Plaintiff,          )
                                       )
13        v.                           )      **MEMORANDUM OPINION**
                                       )
14   CAROLYN W. COLVIN, ACTING         )      **AND ORDER OF REMAND**
     COMMISSIONER OF SOCIAL SECURITY,  )
15                                     )
                                       )
16                 Defendant.          )
                                       )
17   _____)

18

19        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

20   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

21   judgment are denied and this matter is remanded for further

22   administrative action consistent with this Opinion.

23

24                      **PROCEEDINGS**

25

26        Plaintiff filed a complaint on July 17, 2013, seeking review of

27   the Commissioner's denial of disability benefits.  The parties filed a

28   consent to proceed before a United States Magistrate Judge on

1  August 12, 2013.  Plaintiff filed a motion for summary judgment on
2  January 3, 2014.  Defendant filed a cross-motion for summary judgment
3  on March 5, 2014.  The Court has taken the motions under submission
4  without oral argument.  See L.R. 7-15; "Order," filed July 18, 2013.
5
6                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**
7
8       Plaintiff asserts disability based on alleged physical and mental
9  impairments (Administrative Record ("A.R.") 30-268).  With regard to
10  her alleged mental impairments, Plaintiff reported feeling "very
11  overwhelmed," unable to handle stress, and "depressed and stressed out
12  all the time" (A.R. 168, 172).  A medical treatment record dated in
13  May of 2011 also mentions "depression" (A.R. 243).  At the hearing
14  before the Administrative Law Judge ("ALJ"), Plaintiff referenced
15  "stress" a number of times, and also claimed she had not gone to the
16  doctor because she did not have insurance (A.R. 64-66).  At the same
17  hearing, the following colloquy occurred between Plaintiff's
18  representative and the ALJ:
19
20       [Plaintiff's representative]: She had depression that she
21                                      was not taking medication for
22                                      it.  Recently it got so severe
23                                      her daughters took her to the
24                                      doctor and we have
25                                      documentation that they made
26                                      her an appointment with
27                                      Behavioral Center that she has
28                                      to go and take care of it.

```
 1          [ALJ]:                    Okay.  Well the problem is the
 2                                    record doesn't reflect any records
 3                                    relating to this issue in terms of
 4                                    mental impairment so I'm unable to
 5                                    assess that.  But let's proceed
 6                                    with the hearing.
 7          [Plaintiff's representative]: We have, Your Honor, one of the
 8                                    referral pages if you want me to
 9                                    put it as part of the records?
10          [ALJ]:                    Referral page is not the same of
11                                    [sic] the medical record.
12          [Plaintiff's representative]: Yeah.
13          [ALJ]:                    That's not going to help us.
14
15  (A.R. 62-63).
16
17      The ALJ found Plaintiff has severe physical impairments but no
18  severe mental impairment (A.R. 32).  The ALJ's decision, which is
19  dated July 5, 2011, states:
20
21          The undersigned finds that the claimant's allegation of
22          depression is not supported by the medical evidence.  There
23          is no treatment for depression, no evaluation, and no
24          diagnosis of such an impairment.  In addition, the claimant
25          alleges no problem with paying attention, following
26          instructions, and getting along with family, friends and
27          neighbors. . . .  The undersigned finds that this is not a
28          medically determinable impairment.
```

1  (A.R. 32).  The ALJ concluded Plaintiff retains the residual

2  functional capacity to perform her past relevant work (A.R. 34-37).

3

4       Following the ALJ's decision, Plaintiff submitted additional

5  medical evidence.  This evidence, which is attached to "Plaintiff's

6  Motion for Summary Judgment or Remand," includes opinions from two

7  physicians.  Both of these physicians diagnosed depression and

8  anxiety, and both physicians opined Plaintiff is not capable of

9  performing even low stress jobs (Exhibits A and B to "Plaintiff's

10 Motion for Summary Judgment or Remand").  Although the matter is not

11 entirely free from doubt, it appears that one of these opinions, that

12 of Dr. Muzaffer, expressly relates to the time period beginning

13 October 19, 2010 (Exhibit B, page 4).  The other opinion, that of Dr.

14 Mory, expressly relates to the time period beginning December 13, 2011

15 (Exhibit A, page 4).

16

17      The Appeals Council considered this additional evidence but

18 denied review (A.R. 9-14).  As the Appeals Council stated: "[t]his

19 means that the Administrative Law Judge's decision is the final

20 decision of the Commissioner of Social Security. . . ." (A.R. 9)

21

22                      **STANDARD OF REVIEW**

23

24      Under 42 U.S.C. section 405(g), this Court reviews the

25 Administration's decision to determine if:  (1) the Administration's

26 findings are supported by substantial evidence; and (2) the

27 Administration used proper legal standards.  See Carmickle v.

28 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

1   499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

2   relevant evidence as a reasonable mind might accept as adequate to

3   support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

4   (1971) (citation and quotations omitted); Widmark v. Barnhart, 454

5   F.3d 1063, 1067 (9th Cir. 2006).

6

7        Where, as here, the Appeals Council considered additional

8   evidence but denied review, the additional evidence becomes part of

9   the record for purposes of the Court's analysis. See Brewes v.

10  Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals

11  Council considers new evidence in deciding whether to review a

12  decision of the ALJ, that evidence becomes part of the administrative

13  record, which the district court must consider when reviewing the

14  Commissioner's final decision for substantial evidence."; expressly

15  adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993));

16  Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may

17  consider evidence presented for the first time to the Appeals Council

18  "to determine whether, in light of the record as a whole, the ALJ's

19  decision was supported by substantial evidence and was free of legal

20  error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the

21  Appeals Council considered this information and it became part of the

22  record we are required to review as a whole"); see generally 20 C.F.R.

23  §§ 404.970(b), 416.1470(b).

24

25                              DISCUSSION

26

27       As Defendant appears to concede, the Court "may look to evidence

28  submitted for the first time to the Appeals Council to determine

1   whether the ALJ's decision is still supported by substantial evidence

2   and free of reversible error" ("Defendant's Motion for Summary

3   Judgment" p. 2, ll. 19-22 (citing <u>Brewes v. Astrue</u>, 682 F.3d at

4   1157)).   In light of the evidence submitted for the first time to the

5   Appeals Council, the ALJ's decision in the present case no longer is

6   "supported by substantial evidence and free of reversible error."[1]

7   Remand is appropriate.[2]

8

9      An alleged impairment may be found "not severe" "when the medical

10   evidence establishes only a small abnormality . . . which would have

11   no more than a minimal effect on an individual's ability to work.

12   . . . ."   Social Security Ruling ("SSR") 85-28.[3]   This severity concept

13   is merely "a <u>de minimis</u> screening device to dispose of groundless

14   claims."   <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996).   If

15   the non-severity of an alleged impairment "is not clearly established

16   by medical evidence . . . adjudication must continue through the

17   sequential evaluation process."   SSR 85-28.

18   ///

19   ──────────────

20      [1]   As this Court previously has observed, under current
Ninth Circuit jurisprudence "it does not matter whether the ALJ's

21   decision <u>when made</u> was supported by substantial evidence and was
free from legal error <u>on the record then existing</u>, if later

22   submitted evidence [considered by the Appeals Council] materially
undermines the ALJ's decision."   <u>Warner v. Astrue</u>, 859 F. Supp.

23   2d 1107, 1115 n.10 (C.D. Cal. 2012).

24      [2]   This remand is a "sentence four" remand under 42 U.S.C.

25   section 405(g), not a "sentence six" remand.   <u>See, e.g.</u>, <u>Boucher
v. Astrue</u>, 2010 WL 2635078 (W.D. Wash. June 25, 2010); <u>Rodriguez

26   v. Astrue</u>, 2010 WL 933947 (E.D. Wash. Mar. 9, 2010).

27      [3]   Social Security rulings are binding on the
Administration.   <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1

28   (9th Cir. 1990).

1    When the evidence submitted to the Appeals Council for the first

2  time is included in the record, the evidence of record no longer

3  "clearly establishes" the non-severity of Plaintiff's alleged mental

4  impairments.   In arguing the contrary, Defendant claims that the

5  medical opinions submitted to the Appeals Council are irrelevant to

6  the time period at issue.   However, one of the opinions, that of Dr.

7  Muzaffer, appears to be expressly directed to part of the time period

8  at issue (10/19/10 - 7/15/11).   Moreover, many if not most mental

9  impairments are progressive in nature.   See Blankenship v. Bowen, 874

10 F.2d 1116, 1121-22 (6th Cir. 1989), cited with approval in Morgan v.

11 Sullivan, 945 F.2d 1079, 1082-83 (9th Cir. 1991).   Consequently, it

12 would not be unreasonable to infer that a mental impairment found to

13 be wholly disabling now may well have been "severe" during an

14 immediately preceding time period.[4]

15 ///

16

17 _____

        [4]    Plaintiff apparently lacks any prior history of mental
18 health treatment.   However,

19      it is common knowledge that depression is one of the
        most underreported illnesses in the country because
20      those afflicted often do not recognize that their
        condition reflects a potentially serious mental
21      illness. . . .   Thus, the fact that claimant may be one
        of millions of people who did not seek treatment for a
22      mental disorder until late in the day is not a
        substantial basis on which to conclude that [the
23      physician's] assessment of claimant's condition is
        inaccurate. . . .   It is a questionable practice to
24      chastise one with a mental impairment for the exercise
        of poor judgment in seeking rehabilitation.   Nguyen v.
25      Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) (citations
        and quotations omitted).
26

27

28 Notably, Plaintiff testified she did not go to doctors because
   she lacked insurance.

1    Also undercutting the validity of the Administrative decision in

2    the present case is the Administration's special duty to develop the

3    record.  The Administration "has a special duty to fully and fairly

4    develop the record and to assure that the claimant's interests are

5    considered."  Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); see

6    also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security

7    proceedings are inquisitorial rather than adversarial.  It is the

8    ALJ's duty to investigate the facts and develop the arguments both for

9    and against granting benefits. . . .").  The Administration's duty to

10   develop the record is "especially important" "in cases of mental

11   impairments."  DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

12

13   On the present record, this Court cannot deem the errors in the

14   Administrative decision to have been harmless.  The circumstances of

15   this case indicate that there is a substantial likelihood the ALJ's

16   consideration of the additional evidence submitted to the Appeals

17   Council would materially alter the ALJ's disability analysis.

18   Therefore, remand is appropriate.  See McLeod v. Astrue, 640 F.3d 881,

19   888 (9th Cir. 2011); see also INS v. Ventura, 537 U.S. 12, 16 (2002)

20   (When a court reverses an administrative determination, "the proper

21   course, except in rare circumstances, is to remand to the agency for

22   additional investigation or explanation.") (citations and quotations

23   omitted).

24   ///

25   ///

26   ///

27   ///

28   ///

1                              **CONCLUSION**

2

3        For all of the foregoing reasons,[5] Plaintiff's and Defendant's

4   motions for summary judgment are denied and this matter is remanded

5   for further administrative action consistent with this Opinion.

6

7        LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9        DATED: March 11, 2014.

10

11                          _____/S/_____

12                             CHARLES F. EICK
                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27        [5]    The Court has not reached any other issue raised by
    Plaintiff except insofar as to determine that reversal with a
    directive for the immediate payment of benefits would not be
28   appropriate at this time.